IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **BANK OF GUAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 07-32C** |
| | ) | **(Judge Braden)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant, the United States, respectfully requests that this Court take notice of a recent decision of the Supreme Court of the United States that clarifies the standard of review applicable to our motion to dismiss dated February 18, 2007.

Our pending motion to dismiss at 11 cites, among other things, Conley v. Gibson, 355 U.S. 41, 45-46 (1957), regarding the standard of review. In Bell Atlantic Corp. v. Twombly, 550 U. S. ____, (May 21, 2007),[1] the Supreme Court reviewed Conley and sought to clarify the standard of review. See Bell Atlantic, slip op. at 8-16. Conley had held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Bell Atlantic, slip op. at 14. Bell Atlantic noted that the "'no set of facts" language can be read in isolation (or literally) to allow a statement revealing the theory of the claim to survive unless the pleadings show its factual impossibility (or "left open the possibility that plaintiff might later establish some 'set of [undisclosed] facts' to support recovery"). Id. at 14-15. The Supreme Court then

---

[1] For the convenience of all concerned, we have attached a copy of the Bell Atlantic slip opinion, printed from the Supreme Court's website.

declared that the "no set of facts" language "has been questioned, criticized, and explained away long enough," and held that:

> [t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. [citations omitted] Conley, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival.

Id. at 16-17.

We respectfully submit that our motion's citation of Conley and its "beyond doubt" language, should be construed in light of the Supreme Court's clarifications in Bell Atlantic.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/Brian A. Mizoguchi
BRIAN A. MIZOGUCHI
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Attn.: Classification Unit 8th Flr.
1100 L Street, N.W.
Washington, D.C. 20530

Tel: 202.307.0282
Telecopier:(202) 305-7643

Attorneys for Defendant

OF COUNSEL:
THEODORE C. SIMMS II
Attorney-Advisor
Department of the Treasury
Bureau of the Public Debt
Washington, D.C.

Dated: June 5, 2007

CERTIFICATE OF FILING

I hereby certify that on June 5, 2007, a copy of the foregoing "DEFENDANT"S MOTION TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Brian A. Mizoguchi