# EXHIBIT B

FILED
DISTRICT COURT OF GUAM
MAY 14 2002
MARY L. M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| **BANK OF GUAM** Petitioner, vs. **DIRECTOR OF DEPARTMENT OF REVENUE AND TAXATION,** Respondent. | **Civil Case No. 01-00016** **ORDER** |

On October 19, 2001, the Court heard argument on he Director of the Department of Revenue and Taxation for Guam's (the "respondent") Partial Motion To Dismiss Pursuant To Federal Rule Of Civil Procedure 12(b)(6) (the "Motion"). For the reasons stated herein, the Motion is GRANTED with respect to the Bank of Guam's (the "petitioner") First Claim and is DENIED with respect to the petitioner's Second and Third Claims.

I. **FACTS**

On January 24, 2001, the respondent issued a Notice of Deficiency to the petitioner for the years 1992, 1993 and 1994. The alleged deficiencies total $6,886,903.30 and are based on interest income, totaling $20,732,620, received by the petitioner on United States Treasury Bonds. The respondent asserts that this interest income is taxable under Section 61(a)(4) of the Guam Territorial Income Tax ("GTIT") and Section 1.61-7(b)(3) of the GTIT regulations.

On April 24, 2001, the petitioner filed its Verified Petition in Tax Case (the "Petition"). Therein, the petitioner raised four claims in support of its Petition for relief from the Notice of

Deficiency asserting the following: (1) the respondent erred when he determined that the interest income is taxable because such determination is contrary to law; (2) that, even if the determination were legally correct, the respondent should be equitably estopped because the petitioner relied on the respondent's representations to the contrary, the reliance was foreseeable and the Government of Guam benefitted from the petitioner's reliance; (3) the respondent abused his discretion when he issued the Notice of Deficiency and; (4) the respondent erred in determining that adjustments in the amount of $1,350,000.00 and $1,797,000.00 with respect to the "unrecaptured" balance of petitioner's bad debt reserve account must be included in the petitioner's taxable income for the years 1993 and 1994, respectively, under Section 585(c)(3) of the GTIT and Section 1.585-6 of the GTIT regulations. *See* Petition ¶¶4(a)-(d).

On July 9, 2001, the respondent filed his Partial Motion To Dismiss Pursuant To Federal Rules Of Civil Procedure 12(b)(6) Petitioner's First, Second and Third Claims. The petitioner filed its Opposition to the Motion on August 8, 2001.

## II. LAW

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), the Court must: (1) construe the complaint in the light most favorable to the petitioner; (2) accept all well-pleaded factual allegations as true and; (3) determine whether the petitioner can prove any set of facts to support a claim that would merit relief. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Thus, the Court must determine whether the facts alleged, if true, would entitle the petitioner to some form of legal remedy. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Dismissal pursuant to FRCP 12(b)(6) is proper where there is a "lack of cognizable legal theory." *Ballistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). "Cognizable", however, does not necessarily mean "established" and, in fact, dismissals are "especially disfavored in cases where the complaint sets forth a novel legal theory that can best be assessed after factual development." *Baker v. Cuomo*, 58 F.3d 814, 818-819 (2nd Cir. 1995).

Dismissal is also proper where there is an "absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri*, 901 F.2d at 699. However, the Court must assume that all

general allegations in the Petition "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified School Dist.*, 37 F.3d 517, 521 (9th Cir. 1994). Any ambiguity in the Petition must be resolved in the petitioner's favor. *See International Audiotext Network, Inc. v. AT&T Co.*, 62 F.3d 69, 72 (2nd Cir. 1995). Furthermore, a "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehiling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). Unless the answer is unequivocally "no", the motion must be denied. *See Conley*, 355 U.S. at 45-46. Therefore, dismissal is proper only in "extraordinary" cases. *See United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

Where dismissal is granted, leave to amend is almost always granted. FRCP 15(a) expressly states leave to amend "shall be freely given when justice so requires." *See also Allen v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). This is because the dismissal is with prejudice to refiling, unless the order specifically provides otherwise. *See Carter v. Norfolk Comm. Hospital Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985). Thus, leave to amend should be denied only if the Court determines that "allegations of other facts consistent with the challenged pleading could not possibly cure the defect." *Schreiber Dist. v. Sevrv-Well Furniture Co.*, 806 F.2d 1393 (9th Cir. 1995). Such a determination is proper where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law. *See Albrecht v. Lund*, 845 F.2d 193 (9th Cir. 1988).

## III. DISCUSSION

### A. THE PETITIONER'S FIRST CLAIM – "The Respondent Erred"

The respondent argues that *Gumataotao v. Director of Dep't of Rev. and Taxation*, 236 F.3d 1007 (9th Cir. 2001) controls the disposition of the petitioner's claim that interest income from United States Treasury Bonds are tax-exempt. *See* Memorandum Of Points And Authorities In Support Of Respondent's Partial Motion To Dismiss Petitioner's Claims Pursuant To Fed.R.Civ.P. 12(b)(6) ("Respondent's Memorandum") at 2-3. In *Gumataotao*, the Ninth Circuit affirmed this Court's FRCP 12(b)(6) dismissal of the petitioner's claim there and held

that: (1) properly construed, the GTIT does not exempt interest paid to Guam residents from United States Treasury Bonds; (2) it is not unconstitutional for Guam to collect taxes from its residents on the interest; (3) Title 31 of the United States Code does not exempt interest paid to Guam residents from United States Treasury Bonds; and, (4) allowing Guam to tax United States Treasury Bonds is not "incompatible" with congressional intent. *See Gumataotao*, 236 F.2d at 1078. Thus, the respondent requests that the Motion be granted with regard to this claim.

The Ninth Circuit's holding in *Gumataotao* directly contradicts the petitioner's assertion that the respondent erred when he determined that Guam could tax the interest income on United States Treasury Bonds. Thus, the respondent's assertion that the Gumataotao holding controls the disposition of the petitioner's First Claim is correct and, as the petitioner correctly concedes,[1] the Court is bound by that holding. Accordingly, the respondent's Motion regarding the petitioner's First Claim is GRANTED and that claim is HEREBY DISMISSED.

Furthermore, because it not conceivable that the petitioner could amend its complaint to allege facts that would cure this defect and because the sole issue here is a matter of settled and substantive law, the Court DENIES the petitioner leave to amend its First Claim.

**B. THE PETITIONER'S SECOND CLAIM – Equitable Estoppel**

The respondent argues that both Supreme Court and Ninth Circuit case law bar the petitioner's Second Claim. *See* Respondent's Memorandum at 4-5. In *Automobile Club of Michigan v. C.I.R.* the Supreme Court held that equitable estoppel does not apply to the Internal Revenue Service when it corrects a prior mistake of law and that the Commissioner[2] could

---

[1] "While we acknowledge this Court is bound by the decision of the Ninth Circuit in *Gumataotao v. Dir. Of Dep't of Revenue & Taxation*, 236 F.3d 1077 (9th Cir. 2001), we believe *Guamataotao* was wrongly decided and accordingly set out our principle arguments in this regard to preserve them for appeal." Petitioner's Memorandum Of Points And Authorities In Opposition To The Motion ["Petitioner's Memorandum"] at 21 n. 15.

[2] Because the Director of Guam's Department of Revenue and Taxation is considered to be "in the shoes" of the Commissioner of the United States Internal Revenue Service, the law applies to the respondent in the same way that it applies to the Commissioner of the Internal Revenue Service. *See Gumataotao*, 236 F.2d at 1083.

retroactively apply revocation of the mistake to years still open under the period of limitations. *See* 353 U.S. 180, 186 (1957). *Dixon v. U.S.* held that the Commissioner could retroactively correct mistakes of law when administering tax laws, even if the taxpayer relied to his detriment on the Commissioner's initial mistake. *See* 381 U.S. 68, 72-73 (1965); *see also Dickman v. C.I.R.*, 465 U.S. 330 (1984). *Gumataotao*, citing *Automobile Club of Michigan* and *Dickman*, also rejected that petitioner's equitable estoppel claim. *See* 236 F.2d at 1083.

The respondent also argues that, even if these cases do not foreclose the petitioner's equitable estoppel claim, the Ninth Circuit's more stringent requirements do. *See* Respondent's Memorandum at 5-6. Traditionally, equitable estoppel is available against a private party who: (1) made a knowing false representation or concealment of material facts to a party ignorant of the facts; (2) with the intention that the other party should rely upon the representation; (3) where the other party actually and detrimentally relies on the representation of fact; and (4) where the other party's reliance is reasonable. *See Mukherjee v. United States*, 793 F.2d 1006, 1008 (9th Cir. 1986).

The Ninth Circuit, however, requires a showing of two additional elements, when the assertion is against the government. First, the assertion must rest on affirmative misconduct, going beyond mere negligence. *See id.* Secondly, estoppel will apply only where the government's wrongful act will cause a serious injustice and the public's interest will not suffer undue damage by imposition of the liability. *See id.*

The respondent then argues that the petitioner's "allegations fail to establish virtually every necessary element for estoppel to apply".[3] Respondent's Memorandum at 6. First, asserts the respondent, the petitioner's allegation that the respondent originally stated that United States Treasury Bonds are not taxable is a mistake of law, not fact. *See* Respondent's Memorandum at 6-7. Second, the petitioner has not alleged any knowing false statement. *See* Respondent's

---

[3] Despite the respondent's tendency to require the petitioner to bear a more onerous burden, as stated above, the petitioner does not need to "establish" anything, in order to defeat an FRCP 12(b)(6) Motion. Rather, the petitioner's Claims need simply to be based on cognizable legal theory supported by sufficiently alleged facts.

Memorandum at 7-8. Third, the petitioner did not detrimentally rely, as matter of law, because the retention of money that the petitioner never should have possessed is not a legally cognizable detriment.[4] *See* Respondent's Memorandum at 8-10. Fourth, the petitioner has alleged negligent misconduct, at best, but not the required affirmative misconduct. *See* Respondent's Memorandum at 10-11. Finally, the petitioner will not suffer injustice and the public interest will be unduly damaged if equitable estoppel is applied because the petitioner owes over $10,000,000 in tax and interest, which is a very significant amount. *See* Respondent's Memorandum at 11-12. Thus, argues the respondent, the petitioner's Second Claim should be dismissed.

The Court, however, believes that petitioner's Second Claim is based on a legally cognizable theory. First, the application of equitable estoppel to the government is not automatically barred. *See OPM v. Richmond*, 496 U.S. 414, 422 (1990); *Heckler*, 467 U.S. at 66 (both, explicitly declining to adopt the position that equitable estoppel can *never* be applied to the government). Secondly, the petitioner's Second Claim relies in large part upon its allegation that the respondent was not only the Director of the Department of Revenue and Taxation charged with collecting taxes, but he was also the Banking Commissioner charged with overseeing and regulating the petitioner's financial condition and regularly auditing and approving the petitioner's financial statements. *See* Petition ¶¶5(a)(2)-(16).

Thus, the petitioner is alleging that this unique factual situation should allow the application of equitable estoppel to the government. In other words, the petitioner is arguably proposing a "novel" legal theory. Accordingly, the Court believes that it would be particularly imprudent to dismiss the petitioner's Second Claim prior to further factual development which will allow the Court to more adequately assess the validity of the legal theory on which the claim is based. *See Baker*, 58 F.3d at 818-819. Therefore, the petitioner's Second Claim does present a cognizable legal theory for the application of equitable estoppel to the government.

The Court also finds that the petitioner has alleged sufficient facts which, when combined

---

[4] *See Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51, 61 (1984)(requiring a charity to return mistakenly disbursed Health and Human Services monies).

with plausible inferences drawn therefrom, could support the petitioner's Second Claim and merit the grant of relief. The petitioner has alleged misrepresentations by the respondent and conduct intended to be relied on by the petitioner. *See* Petition ¶¶5(a)(6),(7),(9). The petitioner has also alleged facts that may support a finding that it reasonably relied on the alleged misrepresentations to its detriment. *See* Petition ¶¶5(a)(1),(2),(13)(i)-(iv). The Petition also contains allegations that may support a finding of affirmative misconduct on the part of the respondent. *See* Petition ¶¶5(a)(2),(6),(7),(11),(14);(b)(14). Finally, the petitioner has alleged facts that may also support a finding of serious injustice to the petitioner and no undue damage to the public interest. *See* Petition ¶¶5(a)(13),(17)(i),17(iii).

Therefore, because the Court finds that the petitioner's Second Claim is based on a cognizable legal theory which is supported by sufficiently alleged facts, the Motion with regard to the petitioner's Second Claim is HEREBY DENIED.

### C. THE PETITIONER'S THIRD CLAIM – Abuse of Discretion

The petitioner's Third Claim is that the respondent abused his discretion when he reversed his position with regard to the taxability of United States Treasury Bonds and then retroactively applied that decision. *See* Petitioner's Memorandum at 18-20. The respondent's decision to issue the Notice of Deficiency, contends the petitioner, was a case of selective enforcement based on improper political motives. *See id.* at 20-21.

The respondent argues that the correction of a mistaken interpretation of law and the retroactive application of the corrected interpretation does not constitute an abuse of discretion. *See* Respondent's Memorandum at 12-15. According to the Supreme Court, not even the correction of the Tax Commissioner's previously published ruling on a position of law can bar the government from collecting a tax which is otherwise lawfully due. *See Dixon*, 381 U.S. 68, 72-73 ("This principle is no more than a reflection of the fact that the Congress, not the Commissioner, prescribes the tax laws."). The Tax Commissioner may correct an earlier interpretation, "even if such a change is made retroactive in effect" and "even though the tax payer may have relied to his detriment upon the Commissioner's prior position." *Dickman*, 465

U.S. at 343.

The respondent also argues, he had the right to "selectively audit" taxpayers when administering the tax law. *See Oyler v. Boles*, 368 U.S. 448, 456 (1962)(the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation). Furthermore, the mere allegation of an improper motive is not sufficient to support a claim of abuse of discretion. *See Kantor v. Comm'r*, 998 F.2d 1514, 1521 (9th Cir. 1993)(as a general rule, the Tax Court will not look behind the Notice of Deficiency to examine the propriety of the Commissioner's motives).

However, where "grossly unfair" to the taxpayer, the retrospective application of tax rules has been prohibited. *See Gehl Co. v. Comm'r of Internal Revenue*, 795 F.2d 1324, 1333 (7th Cir. 1986)(noting that a 1972 treasury pamphlet allowed modifications in IRS rules that might be adverse to taxpayers to apply prospectively only because it would be grossly unfair to renege on statements designed to entice taxpayer reliance). Furthermore, the Ninth Circuit also recognizes a legal theory for relief where a taxpayer alleges that he was singled out for an audit and deficiency determination based upon constitutionally impermissible considerations. *See Argabright v. United States*, 35 F.3d 472, 477 (9th Cir. 1994).

The petitioner's Third Claim is based on the theory that it would be "unfair and unconscionable" to allow the respondent to collect the tax because his decision to do so was motivated by "political considerations" which constitutes an "abuse of discretion" and which arguably, violated the petitioner's constitutional protections. *See* Petition ¶17. Therefore, the petitioner's Third Claim is based on a legally cognizable theory.

The petitioner has alleged facts that may support a finding that the retroactive application of the petitioner's decision may be unfair. *See* Petition ¶¶17;18. The Petition also contains adequate facts to support the assertion that the respondent impermissibly singled the petitioner out for an audit and deficiency determination. *See* Petition ¶¶17;18. Thus, the petitioner has alleged sufficient facts to support its Third Claim.

Therefore, because the Court holds that the petitioner's Third Claim is based on a legally cognizable theory and because the Court finds that the petitioner has alleged sufficient facts to

support the claim, the respondent's Motion with regard to the petitioner's Third Claim is HEREBY DENIED.

## IV. ORDER

The petitioner's Second and Third Claims are based on cognizable legal theory, supported with factual allegations which, when construed in favorable light, could merit relief. Accordingly, the Motion, with respect to the petitioner's Second and Third Claims, is HEREBY DENIED.

The petitioner's First Claim, however, is not supported by a legally cognizable theory because it is directly contrary to controlling substantive law. Furthermore, it is inconceivable that the petitioner could amend its Petition so as to allege facts that might support this Claim. Accordingly, the Motion, with respect to the petitioner's First Claim, is GRANTED and the Claim is HEREBY DISMISSED WITHOUT LEAVE TO AMEND.

SO ORDERED this Tuesday, May 14, 2002.

JOHN S. UNPINGCO
**District Judge**

Notice is hereby given that this document was entered on the docket on 05/14/02. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: ______ 05/14/02
Deputy Clerk Date

# EXHIBIT C

JOAQUIN C. ARRIOLA
MARK E. COWAN
ANITA P. ARRIOLA
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel: (671) 477-9730
Fax: (671) 477-9734

DENIS T. RICE
GARY P. KAPLAN
SIMON J. FRANKEL
**HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN**
A Professional Corporation
Three Embarcadero Center
Seventh Floor
San Francisco, California 94111-4065
Tel: (415) 434-1600
Fax: (415) 217-5910

JEROME SAPIRO, JR.
DAVID A. SAUERS
**THE SAPIRO LAW FIRM**
711 Van Ness Ave., Ste. 440
Post Office Box 649015
San Francisco, CA 94102-3244
Tel: (415) 771-0100
Fax: (415) 771-3142

Attorneys for Petitioner
BANK OF GUAM

FILED
DISTRICT COURT OF GUAM
SEP 12 2003
MARY L. M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

BANK OF GUAM,

Petitioner,

vs.

DIRECTOR OF DEPARTMENT OF REVENUE & TAXATION,

Respondent.

Civil Case No. 01-00016

**STIPULATED DECISION RE SETTLEMENT**

IT IS HEREBY STIPULATED AND AGREED, by and between attorneys of record for Petitioner Bank of Guam and for Respondent Director of Department of Revenue & Taxation, that the issues in this matter have been resolved as follows: Petitioner agrees to pay $5,000,000.00, inclusive of any applicable interest, as the deficiency owed by Petitioner for the tax years ending in December of 1992, 1993 and 1994.

*Law Offices*
ARRIOLA, COWAN, ARRIOLA
SEP 12 2003
RECEIVED
BY: [signature] TIME: 2:01p

THE PARTIES FURTHER STIPULATE that the respective concessions made by each party which led to the final resolution of each issue set forth in this Stipulation of Settlement are not to be interpreted as reflecting the view of either party on the merits of each such issue. Moreover, the parties stipulate that such respective concessions, except as otherwise expressly indicated herein, are limited to this proceeding and are not be interpreted as concessions by either party with respect to any issue in any other proceeding or with respect to any other year.

THE PARTIES FURTHER STIPULATE that the Court may enter the foregoing as a decision of the Court in this proceeding and that, upon entry of the decision below by the Court, Petitioner waives the restrictions contained in Guam Territorial Income Tax Code Section 6213(a) prohibiting assessment and collection of the deficiency until the decision of the Tax Court has become final.

Dated: September 10, 2003.

**ARRIOLA, COWAN & ARRIOLA**

By: [signature]

**ANITA P. ARRIOLA**
Attorneys for Petitioner
BANK OF GUAM

Dated: September 10, 2003.

**TEKER CIVILLE TORRES & TANG**

By: [signature]

**LAWRENCE J. TEKER**
Attorneys for Respondent
DIRECTOR OF DEPARTMENT
OF REVENUE & TAXATION

**ORDER**

Pursuant to the above stipulation of the parties in this proceeding, , it is hereby ORDERED AND DECIDED, that there is a total deficiency in income tax due from Petitioner for the taxable years 1992, 1993 and 1994 in the amount of $5,000,000.00, including all applicable interest. Neither party is entitled to costs, and no penalties are assessed.

IT IS SO ORDERED.

Dated: September 11th, 2003

/s/ Edward J. Lodge
HONORABLE EDWARD J. LODGE
United States District Judge

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

**CERTIFICATE OF SERVICE**

I, **ANITA P. ARRIOLA**, hereby certify that on September 10, 2003, I caused to be served the following: **STIPULATED DECISION RE SETTLEMENT** upon:

Lawrence J. Teker, Esq.
Teker Civille Torres & Tang, PLLC
Suite 200, 330 Hernan Cortez Avenue
Hagåtña, Guam 96910

Dated this 10th day of September, 2003.

**ANITA P. ARRIOLA**

# EXHIBIT D

FILED
DISTRICT COURT OF GUAM
SEP 12 2003
MARY L. M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| BANK OF GUAM,<br>Plaintiff,<br>vs.<br>DIRECTOR OF DEPARTMENT OF REVENUE AND TAXATION,<br>Defendant. | CIVIL CASE NO. 01-00016<br><br>**JUDGMENT** |

Judgment is hereby entered in accordance with the Stipulated Decision re Settlement filed September 12, 2003.

Dated this 12th day of September, 2003, Hagatna, Guam.

MARY L. M. MORAN
Clerk of Court

By: ____________________
Deputy Clerk

Notice is hereby given that this document was entered on the docket on SEP 12 2003. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam

By: ____________________ SEP 12 2003
Deputy Clerk Date

*Law Offices*
ARRIOLA, COWAN, ARRIOLA
SEP 12 2003
RECEIVED
BY: ________ TIME 2:01p