# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**BANK OF GUAM,** *

Plaintiff, *

v. * No. 07-32C

**THE UNITED STATES,** * (Filed Dec. 7, 2007)

Defendant. *

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

Pending before the Court is defendant's motion to dismiss plaintiff's claims for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), filed on April 18, 2007.

On December 4, 2007, this case was transferred to the undersigned pursuant to RCFC 40.1(b). In the brief accompanying its motion to dismiss, defendant states that a "core issue" in this litigation is "whether the [Guam Territorial Income Tax ("GTIT")] is a tax imposed by the possession of Guam" or whether it is a tax imposed by Congress. Def.'s Br. filed Apr. 18, 2007, at 19. In that brief and subsequent briefing, defendant argued, *inter alia*, that plaintiff's "complaint should be summarily dismissed because [plaintiff] is collaterally estopped from prevailing upon its claims, as they are all dependent upon the erroneous construct that [United States Treasury Bonds, Notes, Bills and like obligations ("USGOs")] are sold with an exemption from the GTIT and thus it was wrong for the GTIT to apply to USGOs." Id.

In 2001 plaintiff filed suit (styled as a petition) in the United States District Court of Guam against the Director of Guam's Department of Revenue and Taxation contesting the application of the GTIT to USGOs. See Bank of Guam v. Director of Dept. Of Rev. & Taxation, No. 01-CV-16, 2002 U.S. Dist. LEXIS 9662 (D. Guam May 14, 2002). Before that court was the Director's motion to dismiss all three claims for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Ruling on plaintiff's first claim, the court held that the "Ninth Circuit's holding in Gumataotao [v. United States, 236 F.3d 1077 (9th Cir. 2001)] directly contradicts [plaintiff's] assertion that the [Director] erred when he determined that Guam could tax the interest income on United States Treasury Bonds." Id. at *7. The court

granted the Director's motion to dismiss with regard to the first claim of plaintiff's petition, that the Director erred in his determination that the GTIT was a tax imposed by Congress. The court held that this court was "not supported by a legally cognizable theory because it is directly contrary to controlling substantive law." Id. at *15. However, the court denied the Director's motion to dismiss as to plaintiff's second and third claims. Id.

Defendant argues that the doctrine of issue preclusion 1/ precludes plaintiff from relitigating the issue of whether the GTIT is a tax imposed by Congress. The United States Court of Appeals for the Federal Circuit has held that four prerequisites must be met before the doctrine of issue preclusion can be applied to preclude a party from rearguing a particular issue in an ongoing litigation: "'(1) identity of the issues in a prior proceeding; (2) the issues were actually litigated; (3) the determination of the issues was necessary to the resulting judgment; and, (4) the party defending against preclusion had a full and fair opportunity to litigate the issues.'" In re Trans Texas Holdings Corp., 498 F.3d 1290, 1297 (Fed. Cir. 2007) (quoting Jet, Inc. v. Sewage Aeration Sys., 223 F.3d 1360, 1365-66 (Fed. Cir. 2000)).

Following the May 14, 2002 opinion issued by the district court of Guam, on September 12, 2003, the parties to that litigation filed with the court a Stipulated Decision Re Settlement. (Plaintiff submitted a copy of that stipulation post-argument in a filing dated November 30, 2007.) In that document the parties stipulated and agreed

> that the issues in this matter have been resolved as follows: [plaintiff] agrees to pay $5,000,000.00, inclusive of any applicable interest, as the deficiency owed . . . for the tax years ending in December of 1992, 1993 and 1994.
>
> The parties further stipulate that the respective concessions made by each party which led to the final resolution of each issue set forth in this Stipulation of Settlement are not to be interpreted as reflecting the view of either party on the merits of each such issue. Moreover, the parties stipulate that such respective concessions, except as otherwise expressly indicated herein, are limited to this proceeding and are not to be interpreted as

---

1/ The terms "issue preclusion" and "collateral estoppel" often are used interchangeably. The terms are considered synonyms, and the trend has been to refer to the denoted doctrine as issue preclusion. See, e.g., Foster v. Hallco Mfg. Co., Inc., 947 F.2d 469, 478 n.1 (Fed. Cir. 1991). The older term "res judicata," broadly speaking, encompasses issue preclusion, as well as claim preclusion, which is not the subject of defendant's arguments or this order.

> concessions by either party with respect to any issue in any other proceeding or with respect to any other year.
>
> The parties further stipulate that the Court may enter the foregoing as a decision of the Court in this proceeding . . . .

Stipulated Decision Re Settlement, Bank of Guam v. Director of Department of Revenue & Taxation, 01-CV-16 (filed Sept. 12, 2003) at 1-2. Also on September 12, 2003, the district court of Guam entered judgment in the litigation. The substantive text of the judgment, in its entirety, reads: "Judgment is hereby entered in accordance with the Stipulated Decision re Settlement filed September 12, 2003." Bank of Guam v. Director of Department of Revenue & Taxation, 01-CV-16 (filed Sept. 12, 2003). (A copy of this judgment obtained by this court pursuant to Fed. R. Evid. 201(b), 1005, is attached to this order.) 2/

Although the May 14, 2002 opinion indicated that plaintiff's first claim in its litigation against the Director of Guam's Department of Taxation and Revenue should be dismissed, the September 12 judgment is the judgment entered in that case. Because defendant has not established that the 2003 judgment entered against plaintiff on the merits represents entry of judgment dismissing the first claim of the 2002 petition, this court now orders supplemental briefing regarding the scope and nature of this judgment and its effect on whether the doctrine of issue preclusion bars plaintiff from arguing that the GTIT is not a tax imposed by Congress, but one imposed by Guam. Accordingly,

**IT IS ORDERED**, as follows:

1. By December 17, 2007, defendant shall file a supplemental brief, not to exceed ten pages, regarding the scope and nature of the judgment entered in Bank of Guam v. Director of Department of Revenue & Taxation, 01-CV-16 (filed Sept. 12, 2003), and its effect on whether plaintiff is precluded by the doctrine of issue preclusion from arguing that the GTIT is not a tax imposed by Congress, but one imposed by Guam. Defendant is directed to address whether and to what extent this judgment implements the district court's opinion of May 12, 2002, insofar as it ordered that judgment be entered dismissing plaintiff's first claim in that litigation.

---

2/ The court does not contemplate further argument on this issue. As the case was transferred after completion of briefing and argument, this court will endeavor to render a prompt decision following the filing of the supplemental briefing ordered this date.

2. Plaintiff shall file its response, not to exceed ten pages by January 7, 2008.

s/ Christine O.C. Miller

________________________________________

**Christine Odell Cook Miller**
Judge

FILED
DISTRICT COURT OF GUAM
SEP 12 2003
MARY L. M. MORAN
CLERK OF COURT

260

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

BANK OF GUAM,

Plaintiff,

vs.

DIRECTOR OF DEPARTMENT OF REVENUE AND TAXATION,

Defendant.

CIVIL CASE NO. 01-00016

**JUDGMENT**

Judgment is hereby entered in accordance with the Stipulated Decision re Settlement filed September 12, 2003.

Dated this 12th day of September, 2003, Hagatna, Guam.

MARY L. M. MORAN
Clerk of Court

By: ______________________
Deputy Clerk

Notice is hereby given that this document was entered on the docket on SEP 12 2003. No separate notice of entry on the docket will be issued by this Court.

Mary L. M. Moran
Clerk, District Court of Guam

By: ______________________ SEP 12 2003
Deputy Clerk Date