IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BANK OF GUAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-32C |
| | ) | (Judge C. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S LETTER TO THE COURT AND TO RESPOND TO PLAINTIFF'S REQUESTED REARGUMENT OF DEFENDANT'S PENDING MOTION TO DISMISS**

Defendant, the United States, respectfully moves to strike and respond to a letter dated December 6, 2007, transmitted to the Court by plaintiff, the Bank of Guam.

Plaintiff's letter requests that the Court order the "re-argument" of our pending motion to dismiss. No Rule authorizes communication with the Court by letter. Rule 7(b)(1) of the Rules of the United States Court of Federal Claims provides, in pertinent part, that any application for an order be made by written motion. Compliance with the Court's Rules is necessary to ensure the efficient administration of justice.[1] Among other things, a party has the right to respond to a motion for a procedural order and is not required, as here, to seek leave to respond.

In any event, assuming the Court considers plaintiff's letter, we respectfully submit that there is no valid basis for plaintiff's request for an order requiring "re-argument." Plaintiff's letter appears to stem from its stated and now moot concern that the Judge previously assigned to this case "might not be impartial." We know of no basis in fact for plaintiff's claim of judicial

---

[1] Because written motions are filed electronically, they provide greater assurance of timely notice to an opposing party. Plaintiff's letter dated December 6, 2007, is stamped as received by our mailroom at 3:30 pm. on Friday, December 14, 2007. Defendant's counsel of record did not receive notice of the receipt of this letter until Sunday, December 16, 2007.

impartiality. Accordingly, we respectfully submit that plaintiff's request for re-argument, notation that re-assignment of this case would be random "if" it had been made after a "formal recusal," and any other intended allegation of impartiality or request based upon same, are without merit.

By way of background, in the form of another letter dated November 30, 2007, plaintiff's counsel informed the Judge originally assigned to this case that plaintiff "will file a motion under 28 U.S.C. section 455 (a), that Your Honor recuse [disqualify] yourself . . . from hearing or ruling on any further matters in this action." This letter was sent within days of oral argument of our dispositive motions, at which the previously-assigned Judge indicated at least some counts of the plaintiff's complaint likely would be dismissed.

Plaintiff's November 30, 2007 letter indicated that it would take plaintiff "approximately two weeks" to prepare and file a brief in support of a motion to disqualify, and asked that the Court not rule upon our pending motion to dismiss "until it has first disposed of the forthcoming motion to disqualify Your Honor from sitting in this matter." On that same Friday, November 30, 2007, the Court communicated to counsel a message on behalf of the Judge previously assigned to this case, seeking to expedite this matter and requesting a conference call on Monday, December 3, 2007, or such other time as counsel could be available that week for a call. On November 30, 2007, at 4:33 p.m. EST, our counsel of record informed the Court that he was required to be at the Court on December 3, 2007, for the trial in Holland and Ross, First Bank v. United States, No. 95-524 (Fed. Cl.), but would work to make himself available for a call. At 11:47 p.m. EST, Friday, November 30, 2007, plaintiff's counsel of record indicated that he could be available by telephone. Plaintiff's counsel further stated that:

> [I]t would be helpful to me if I could have some advance understanding of the purpose of the conference call. Since our client has not yet stated the legal or the factual basis for its proposed motion and since the subject of the motion is self-evidently most delicate for us and our client as well as for the Court, I am concerned that a conference call may be premature or that its informal nature may make our client's presentation of its position inadequate. I would therefore greatly appreciate some advance clarification of the purposes and objects the Judge intends to deal with by this call.

At 9:37 a.m. Monday morning, December 3, 2007, the Court communicated to plaintiff's counsel a message on behalf of the Judge previously assigned to this case, that:

> [I]f Plaintiff has a good reason for the judge to recuse herself then, depending on objection from the Government, she would be willing to do so. She would like to resolve the issue soon as she has dedicated a lot of time to the forthcoming opinion regarding the motion to dismiss so it can be released in December. It could also save Plaintiff and the Government the time and expense of preparing a legal brief. The call will be digitally recorded and part of the record.
>
> However, if counsel is not yet aware of the legal or factual basis for the motion, then the call is most likely premature because the intent is to resolve the motion, if possible, without a round of briefing.
>
> Therefore, the best resolution may be to schedule a call when Plaintiff's counsel knows the factual and legal basis for the motion. Mr. Melchior, can you please inform me when you may know the factual and legal basis for the motion? Also, the court understands your current situation and it is acceptable to participate by cell phone. Also, if there are any other accommodations the court can make for the call, please let me know. It is also acceptable if you would like to include a colleague on the call.
>
> For now, the court will cancel the call for today, December 3, 2007. The court would, however, like to re-schedule as soon as possible.

At 2:09 p.m. on the afternoon of December 4, 2007, more than one full business day after the Court's message, having received, to our knowledge, no reply from plaintiff, the Court informed the parties that this case had been re-assigned. To our knowledge, no motion to disqualify was ever filed; nor was the Court ever informed of what, if any, basis existed for the motion plaintiff stated that it would file. Nor did the transfer of this case follow any recusal or disqualification. We are unaware of any basis to support plaintiff's suggestion of recusal, and unless plaintiff wishes to disclose its allegations, we object to its allusions to any basis for recusal.

Oral argument is for the benefit of the Court, and we defer to the Court's discretion in determining whether oral argument would assist in the resolution of the pending motions. Naturally, should the Court desire, for any reason, to hold further argument, we would participate. We request, however, that, if any such argument is to be held, that argument would be held in Washington, D.C., and that it not be held before February 15, 2007. The prior argument before the previously-assigned Judge was held in San Francisco, a convenience for plaintiff and its counsel. We make this request in light of the number of matters that effectively preclude our counsel from traveling or participating in oral argument before mid-February, 2008. These matters include, in addition to those set forth in our motion to enlarge dated December 10, 2007, the extension to January 9, 2007, of the anticipated period in which our counsel will be presenting witnesses in the Holland trial, with post-trial briefing anticipated to begin with the conclusion of trial on or about January 18, 2007; a requested due date of January 22, 2008, to file a brief responding to the motion for judgment in Toys 'R Us v. United States, No. 07-115 (Ct. Int'l Trade); and the presentation of oral argument in New York on February 5, 2007, in Dorbest

Ltd., et al. v. United States, a multi-party antidumping duty case concerning imports of furniture from China.

For these reasons, we respectfully request that the Court strike plaintiff's letter requesting re-argument.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Deputy Assistant Attorney General

s/Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/Brian A. Mizoguchi
BRIAN A. MIZOGUCHI
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Attn.: Classification Unit 8th Flr.
1100 L Street, N.W.
Washington, D.C. 20530

Tel: 202.307.0282
Telecopier:(202) 305-7643

Dated: December 21, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on December 21, 2007, a copy of the foregoing "DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S LETTER TO THE COURT AND TO RESPOND TO PLAINTIFF'S REQUESTED REARGUMENT OF DEFENDANT'S PENDING MOTION TO DISMISS " was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Brian A. Mizoguchi