# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**BANK OF GUAM,** *

Plaintiff, *

v. * No. 07-32C

**THE UNITED STATES,** * (Filed Jan. 4, 2008)

Defendant. *

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

Counsel for plaintiff directed by first class mail to the undersigned a letter dated December 6, 2007, requesting that the court allow reargument of the case. The letter was received in the Clerk's Office and the envelope date-stamped December 12, 2007; it was received in chambers the same date. Unfortunately, the letter was mishandled in chambers and was not brought to the attention of the undersigned before the Christmas Holiday. (Parenthetically, the undersigned closes chambers during this period for the benefit of staff, provided that the undersigned is current in her caseload.) RCFC 5(e) disallows communications in writing from a party to the court. The court should have promptly entered an order directing that the Clerk of the Court return the letter. Indeed, it has not been filed. Defendant's Motion To Strike Plaintiff's Letter To the Court and To Respond To Plaintiff's Requested Reargument of Defendant's Pending Motion To Dismiss was filed on December 21, 2007. The court closed chambers on December 20, 2007. The undersigned received the motion on January 2, 2008.

Rule 7.2(a) allows the court to rule on motions without full briefing as provided for by the RCFC. Among other benefits, this expediting procedure can rid the docket of detritus, such as defendant's motion, which sets forth a he said/she said chronicle of events dealing with a possible post-argument motion for recusal of the transferor judge, which has not been filed.

After this case was transferred to the undersigned on December 4, 2007, this court ordered supplemental briefing by order entered on December 7, 2007. This briefing will not be completed until February 7, 2008, pursuant to the grant of defendant's unopposed motion

for an extension of time and plaintiff's agreement thereto conditioned on extension of its filing date to February 7, 2008.

Footnote 2 on page 3 of the court's order of December 7, 2007, advised that the court did not contemplate reargument. That has not changed. Plaintiff may file a request for reargument, provided that plaintiff can justify holding a second argument based on the subsequent briefing. Whatever caused defendant to make a special request in its motion that an argument not be held in San Francisco, CA, but instead in Washington, DC, is beyond speculation (and inappropriate, because the record does not reflect the reason for holding argument in San Francisco). This judge has never held an argument on a dispositive motion in any court other than the Court of Federal Claims in Washington, DC, because the court can hear argument on such motions through teleconferencing or videoconferencing. Suffice it to say that defendant's motion attempts to make a record about circumstances that may have been involved in the decision of the transferring judge to transfer the case. Importing the contents of e-mails or other communications between counsel and the court and another judge's law clerk and counsel into the record is highly improper, especially given the absence of any affidavit or declaration attesting to the litany of facts that the motion seeks to make matters of record.

The undersigned took the case on request and represented in the December 7, 2007 order that a decision would be rendered promptly, consistent with the additional information that will be provided by the supplemental briefing. That is the extent of the parties' entitlement – a transferee judge who will render a prompt disposition of the matter before the court. Defendant has no rights in statements made from the bench concerning the transferor judge's probable ruling; similarly, plaintiff has no right to have a matter reheard because the transferor judge indicated that a ruling would be unfavorable to it. The December 4, 2007 order transferring the case to the undersigned recites that the action was taken pursuant to RCFC 40.1(b), which allows judges to transfer cases "to promote docket efficiency, to conform to the requirements of any case management plan, or for the efficient administration of justice . . . upon the agreement of both judges." No other inference should be drawn or placed in the record about the circumstances of transfer in this case. Accordingly,

**IT IS ORDERED**, as follows:

1. Pursuant to RCFC 5(e), counsel for plaintiff's letter dated December 6, 2007, is returned unfiled, but shall be appended as Exhibit A to this order.

2. Defendant's motion to strike is denied pursuant to Rule 7.2(a) as moot, because the letter never was filed. The court strikes the contents of the motion beyond the first full paragraph as improper, unsupported, speculative mischief-making.

s/ Christine O.C. Miller

______________________________

**Christine Odell Cook Miller**
Judge