**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **BANK OF GUAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 07-32C** |
| | ) | **(Judge C. Miller)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S SUPPLEMENTAL BRIEF CONCERNING ISSUE PRECLUSION**

Defendant, the United States, respectfully submits this response to the Court's December 7, 2007 request for supplemental briefing upon the question whether plaintiff, the Bank of Guam ("Bank"), is barred by the doctrine of issue preclusion from arguing that the Guam Territorial Income Tax ("GTIT") is not a tax imposed by Congress, but one imposed by Guam. As we demonstrate, the Federal district court's decision in Bank of Guam v. Director of Dept. of Rev. & Taxation, No. 01-00016, 2002 U.S. Dist. LEXIS 9662 (D. Guam 2002), dismissing the first count of the Bank's 2001 complaint, with prejudice, precludes the Bank from relitigating this issue.

## I. Elements Of Issue Preclusion

The Federal Circuit has explained that issue preclusion:

> does not include any requirement that the claim (or cause of action) in the first suit and second suits be the same. Rather, application of issue preclusion centers around whether an issue of law or fact has been previously litigated. [citation omitted]. The underlying rationale . . . is that a party who has litigated an issue and lost should be bound by that decision and cannot demand that the issue be decided over again. [citation omitted].

In re Freeman, 30 F.3d 1459, 1465 (Fed. Cir. 1994). In order for issue preclusion to bar the plaintiff from litigating an issue, we must demonstrate that:

> (i) the issue previously adjudicated is identical with that now presented, (ii) that issue was 'actually litigated' in the prior case, (iii) the previous determination of that issue was necessary to the end-decision then made, and (iv) the party precluded was fully represented in the prior action. Kroeger v. United States Postal Serv., 865 F.2d 235, 239 (Fed.Cir.1988) (quoting Thomas v. Gen. Services Admin., 794 F.2d 661, 664 (Fed.Cir.1986)).

Kawa v. United States, 77 Fed. Cl. 294, 307 (Fed. Cl. 2007). As discussed below, each element of issue preclusion is satisfied in this case.

## II. The Bank Of Guam Is Precluded From Relitigating The Issue Upon Which Its Claims Turn: Whether The GTIT Was Imposed By A "Possession"

### A. Background

#### 1. The Bank's Present Complaint

The Bank's complaint before this Court sets forth various claims dependent upon whether the United States government obligations (Treasury Bonds, Notes, Bills and like obligations)("USGO") it purchased were exempt against taxation imposed by a "possession:"

> Commencing in or about 1978, the Bank purchased . . . USGOs that stated in boldface print that they were "exempt from all taxation . . . *imposed* . . . *by* any of the *possessions* of the United States."

Compl. ¶ 7 (emphasis added). The Bank's complaint alleges, in essence, that its interest income from USGOs has wrongly been subjected to the GTIT, 48 U.S.C. § 1421i, because that tax purportedly is imposed by a "possession." We moved to dismiss because the GTIT is not a tax imposed by a possession, but rather was imposed by the Congress (applying the terms of the Federal Internal Revenue Code to Guam through "mirroring"). Congress authorized the GTIT in

1950, and in 1976, two years before the Bank allegedly first purchased USGOs, the United States Court of Appeals for the Ninth Circuit (in which the Bank resides) confirmed that the GTIT was imposed by the Congress and "is not a tax imposed by Guam." Bank of America v. Chaco, 539 F.2d 1226, 1227-28 (9th Cir. 1976).

The argument that the GTIT is a contrary-to-law tax imposed by a "possession" was rejected again in Gumataotao v. Director of Dept. of Rev. & Taxation, 236 F.3d 1077, 1081-82 (9th Cir. 2001), and again, in prior litigation involving – and thus collaterally estopping – the Bank of Guam, in Bank of Guam v. Director.

### 2. The Bank's Prior District Court Complaint

In a filing dated November 30, 2007, the Bank submitted certain papers apparently filed in the Bank of Guam v. Director district court litigation. Exhibit "A" to that filing is a copy of the Bank's complaint dated April 24, 2001, styled as a "Verified Petition In Tax Case" ("D. Guam Compl."). That complaint alleged "errors" as follows:

> (a) The Director erred in determining that interest income on United States government obligations ("Treasury obligations") received by petitioner with respect to the years 1992, 1993, and 1994 in the amounts of $6,825,149.00, $7,057,320.00, and $6,850,151.00, respectively, is taxable under . . . the Guam Territorial Income Tax . . . . The Director's interpretation is **contrary to law and to the contractual terms relating to the purchase of such Treasury obligations**.

D. Guam Compl. at 2-3, ¶ 4 (emphasis added). The Bank's complaint also claimed: "(b) . . . equitabl[e] estoppe[l] . . . ," "(c) . . . abuse of discretion," and "(d) . . . "err[or] in determining

that . . . [an] unrecaptured balance of petitioner's bad debt reserve account must be included in . . . taxable income . . . ." Id.[1]

**B. The Bank Is Precluded From Relitigating Whether The GTIT Was Imposed Not By The Congress But Instead By A "Possession"**

**1. Identity Of Issue**

The first count of the Bank's district court complaint alleges that its USGOs were subject to the GTIT "contrary to law and to the contractual terms relating to the purchase of such Treasury obligations." D. Guam Compl. at 2-3, ¶ 4. In the present case, the Bank again alleges that application of the GTIT to its USGOs is contrary to law, breaching the contractual terms of its Treasury obligations. See Compl. ¶¶ 7, 13. The issue upon which the alleged contravention of law turns, in both cases, is whether the GTIT is a tax imposed by the Congress, not "by any of the possessions of the United States." Id.

**2. Issue Was Actually Litigated To An "End Decision"**

As is evident from the Federal district court's opinion and order in Bank of Guam v. Director, the parties actually litigated the "The Petitioner's First Claim." See id. at *7-*8 and *17-*18. The district court dismissed the first claim of the Bank's complaint with prejudice because it was contrary to controlling authority set forth in Gumataotao v. Director of Dept. of Rev. & Taxation, 236 F.3d 1077, 1081 (9th Cir. 2001). Id. In Gumataotao, the United States

[1] Plaintiff's papers were not previously filed with the Court nor available to defendant through the PACER system. Notably, the Bank's district court complaint confirms another point supporting our motion to dismiss – that the Bank clearly had no actual and reasonable contractual expectation that interest income upon USGOs would be exempt from the Congress's imposition of Federal-equivalent taxation through the GTIT, as is evidenced by, among other things, the Bank's pre-dispute conduct, in treating its USGO interest as taxable income for the first three years in which it purchased USGOs. See D. Guam Compl. at 5, ¶ 5 (a)(3).

Court of Appeals for the Ninth Circuit affirmed the dismissal of a claim that, like the Bank here, depended upon a construction of the GTIT as a tax upon UGSO interest income imposed by the possession of Guam. See Gumataotao, 236 F.3d 1077, 1081-82 (9th Cir. 2001) (holding that "it was Congress, not the Government of Guam, that passed the [GTIT]" and that 31 U.S.C. § 3124 exempting USGOs from taxation by a state [which the Court assumed to include Guam] is "inapposite" because "Congress, not the local legislature of Guam, imposed the tax on interest from federal bonds"). Because the Bank could not conceivably amend its complaint to cure this defect and "the sole issue here is a matter of settled and substantive law," the district court also denied leave to amend. Bank of Guam v. Director, at *7-*8 and *17-*18.

**a. The District Court's 12(b)(6) Opinion And Order Dismissing With Prejudice The Bank's First Claim Operates As A "Judgment" Upon The Merits Giving Rise To Issue Preclusion**

The district court's 2002 opinion and order in Bank of Guam v. Director was based upon a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. Id. at *1, *7-*8, *17-* 18. "The United States Supreme Court has . . . held that dismissal under Fed.R.Civ.P. 12(b)(6) is a **judgment** on the merits." Pedrina v. Chun, 906 F. Supp. 1377, 1401 (D. Hawai'i 1995) (emphasis added), citing Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 399 n. 3 (1981).[2] In sum, the core issue of whether the GTIT is not a tax imposed by a

---

[2] See also Saladino v. United States, 62 Fed. Cl. 782, 789 (Fed. Cl. 2004) (observing that "'the Federal Circuit has noted that 'principles of merger and bar may apply even though a judgment results by default, consent, or dismissal with prejudice although care must be taken to insure the fairness in doing so.' Young Eng'rs, Inc. v. U.S. Int'l Trade Comm'n, 721 F.2d 1305, 1314 (Fed.Cir.1983); see Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995) ('The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state

(continued...)

"possession" was actually litigated to an "end decision" or "judgment," satisfying the second element of issue preclusion.

**b. The District Court's Opinion And Order Dismissing With Prejudice The Bank's First Claim Was Not Settled Or Vacated**

The Bank attempts to avoid collateral estoppel by relying upon a separate September 12, 2003 stipulated decision and judgment implementing a settlement (exhibits "C" and "D" to the Bank's November 30, 2007 filing in this case). However, neither the stipulated decision nor judgment entering that decision addressed -- let alone ordered the vacatur of -- the Bank of Guam v. Director 2002 opinion and order dismissing the Bank's first claim with prejudice, denying leave to amend. That the Bank did not seek vacatur, or reserve an appeal,[3] of its first claim, is not surprising given that the Bank had to concede and did concede, that the Ninth Circuit's Gumataotao decision was controlling. See Bank of Guam v. Director, 2002 U.S. Dist. LEXIS 9662 at *7, n. 1.

As of September, 2003, only the Bank's other claims that survived Guam's motion to dismiss (i.e., equitable estoppel, abuse of discretion, and bad debt reserve recapture) were alive and the subject of continuing litigation terminated by the September 2003 stipulated decision.[4] The May 14, 2002 Rule 12(b)(6) dismissal with prejudice operated as a final judgment upon the

[2] (...continued)
a claim, for failure to prove substantive liability, or for failure to prosecute: as a **judgment** on the merits.')) (emphasis added).

[3] Federal courts generally hold trial court judgments final, even pending an appeal, for res judicata purposes. See Pedrina v Chun, 906 F. Supp. at 1402.

[4] A claim for breach of contract is not based upon the same principles as are claims of equitable estoppel. Burnett v. United States, 40 Fed. Cl. 806, 811 (Fed. Cl 1998).

merits disposing of the Bank's first claim. The 2002 Bank of Guam v. Director decision was not made the subject of the September 2003 settlement and stipulated judgment. Indeed, even if, contrary to fact, the Bank's first claim is construed to have been within the scope of the September 2003 stipulated decision and judgment, that "does not *in and of itself* remove the effect of a court's prior determination of specific issues in the litigation." Abbott v. United States, 41 Fed. Cl. 553, 562 (Fed. Cl 1998), quoting Hartley v. Mentor Corp., 869 F.2d 1469, 1472 (Fed. Cir. 1989). Because nothing in the September 2003 stipulation and judgment professes to vacate the district court's 2002 prior judgment upon the Bank's first claim in Bank of Guam v. Director, the Bank may not relitigate the issues determined and thus precluded by that prior litigation.

The Bank, therefore, has litigated a Rule 12(b)(6) motion to a final decision dismissing with prejudice (operating as a judgment on the merits) its claim dependent upon the issue of whether the GTIT is not a tax imposed by Congress, but one imposed by a possession.

### 3. Issue Of Whether The GTIT Is Imposed Not By The Congress But By A Possession Is Essential To The Prior Judgment

The issue comprising the Bank's first claim, whether application of the GTIT to the Bank's interest income derived from USGOs was "contrary to law and to the contractual terms relating to the purchase of such Treasury obligations" was placed squarely before the district court by the Bank's complaint. The USGOs specified that they are "exempt from all taxation . . . imposed . . . by any of the possessions of the United States." Compl ¶ 7. Gumataotao, the controlling appellate authority relied upon by the district court, held that "Congress, not the local legislature of Guam, imposed the tax on interest from federal bonds." Id., 236 F.3d at 1081-82.

Thus, resolution of whether the GTIT is not a tax imposed by Congress, but one imposed by a possession, was essential to the "end decision" granting a rule 12(b)(6) motion to dismiss the Bank's claim with prejudice, denying leave to amend.

**4. <u>The Bank Was Fully Represented In The Prior Action</u>**

As is apparent from the face of the Bank's 2001 district court complaint, and the September 2003 stipulated decision and judgment, the Bank engaged simultaneously eight lawyers from three law firms to represent it in Bank of Guam v. Director litigation.[5] Clearly, the Bank was fully represented in the prior district court litigation.

In sum, all elements of issue preclusion are satisfied in this case. Accordingly, the Bank's complaint should be dismissed because issue preclusion collaterally estops the Bank from prevailing upon its claims.

**CONCLUSION**

For these reasons, as well as those set forth in our motion to dismiss papers, we respectfully submit that the Bank's complaint should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

s/Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

---

[5] Two of those attorneys were members of The Sapiro Law Firm in San Francisco, California. The Sapiro Law Firm appears as of counsel on the Bank's complaint in this case as well, and Mr. Sapiro represented the Bank in conducting its oral argument upon our motion to dismiss.

s/Brian A. Mizoguchi
BRIAN A. MIZOGUCHI
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Attn.: Classification Unit 8th Flr.
1100 L Street, N.W.
Washington, D.C. 20530
Tel: 202.307.0282
Telecopier:(202) 305-7643

OF COUNSEL:
THEODORE C. SIMMS II
Attorney-Advisor
Department of the Treasury
Bureau of the Public Debt
Washington, D.C.

Dated: January 17, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on January 17, 2008, a copy of the foregoing "DEFENDANT'S SUPPLEMENTAL BRIEF CONCERNING ISSUE PRECLUSION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Brian A. Mizoguchi