**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **BANK OF GUAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 07-32C** |
| | ) | **(Judge Miller, C.)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S SURREPLY TO PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendant respectfully submits this surreply to the plaintiff Bank of Guam ("the Bank")'s April 18, 2008 reply and appendix and its April 23, 2008 amended or corrected reply (collectively "Pl. Recon. Repl."), to our April 10, 2008 response ( "Def. Resp.") to the Bank's March 24, 2008 motion for reconsideration ("Pl. Recon.") of the Court's March 12, 2008 decision granting our motion to dismiss the Bank's complaint. Bank of Guam v. United States, no. 07-32, slip op. (Mar. 12, 2008).

As we demonstrate below, the Bank's reply: (1) has identified no new issues that we have raised, and we have not misstated the issues; (2) filed for the first time his case documents that its counsel has possessed since 2002 and argument relating thereto – materials and related argument that the Bank waived because it waited to present it for the first time in this case in its reply to our response to the Bank's motion for reconsideration, see Stockton East Water Dist. v. United States, 76 Fed. Cl. 497, 500 (Fed. Cl. 2007), citing Bluebonnet Sav. Bank, v. United States, 466 F.3d 1349, 1361 (Fed.Cir.2006); and (3) contains misstatements and erroneous characterizations that should be corrected.

## ARGUMENT

1. The Bank's Allegation That "Defendant Has Raised New Issues and Arguments and Defendant Has Misstated Many of the Issues Which Plaintiff Raised" Is Without Merit

The Bank's motion for leave to file its reconsideration reply ("Pl. Mot. Lv. Repl.") at 1 contends that "defendant has raised new issues and arguments and defendant has misstated many of the issues which plaintiff raised," but did not identify alleged new issues or arguments. In any event, every issue that we have addressed is not new but rather relates back to issues we raised in papers filed in connection with the litigation of our motion to dismiss or in responding to the Bank's motion for reconsideration: i.e.:

- The Bank has not identified any agreement executed between it and the United States promising specifically that the Guam Territorial Income Tax ("GTIT"), 48 U.S.C. § 1421i, would not be imposed upon USGOs;[1] nor could any such agreement have been authorized because it would have been contrary to law.

- In 1976, the United States Court of Appeals having jurisdiction over the circuit in which the Bank resides, reviewed whether the GTIT, notwithstanding its enactment by the United States Congress, was an "imposition" by Guam (in which case it would violate a statutory prohibition [12 U.S.C. § 548] upon the imposition of more than one tax by a state or, as the court assumed, a possession such as Guam), and held that the GTIT "is not a tax imposed by Guam." Bank of America v. Chaco, 539 F.2d 1226, 1227-28 (9th Cir. 1976).

- The Bank in its complaint admits that the source of its alleged contract for tax exemption was, and thereafter "continued" to be the "same" recital as is imprinted upon its 1978 purchases of United States Government Treasury bills and other obligations ("USGOs"), and then in Treasury regulations, that USGOs are exempt from taxation "imposed" by a "possession." Compl. ¶ 7.

- From the inception of the Bank's purchases of USGOs in 1978, and continuing into what the Bank describes as "other adjacent years," Pl. Recon. at 18, the Bank's conduct -- prior

[1] Although the Bank contends that "[i]t seems that the defendant has never heard of the elementary proposition that the greater includes the less," Pl. Recon. Repl. at 5, the Bank argued this proposition in opposing our motion to dismiss and we addressed the Bank's argument in our July 19, 2007 reply ("Def. Repl.") at 17-18.

to its disputes whether USGOs are exempt from the GTIT -- in reporting USGO income as taxable, reveals the absence of any plausible or actual contract expectation that the "same" recital upon which its complaint is based, Compl. ¶ 7, that USGOs are exempt from taxation imposed by any state or possessions, would extend to the GTIT, 48 U.S.C. § 1421i, imposed by the United States Congress.

- The Bank cannot as a matter of law rely upon communications of IRS personnel not addressed to the Bank to establish a contract with the United States exempting or indemnifying the Bank against the Congress's imposition of the GTIT.

The Bank's reply in the main simply reiterates its disagreements with our view of the issues and law that we first raised in our motion to dismiss.

We also deny the Bank's claim that in responding to the Bank's motion for reconsideration we "misstated many of the issues which plaintiff raised." Pl. Mot. Lv. Repl. at 1. Although we could expend the resources of all concerned briefing at length a response to each of the allegations in the Bank's reply, a couple of examples will illustrate the baseless nature of the Bank's claims.

First, in its reconsideration reply brief at 8, the Bank contends:

> 13. Defendant's quotation from the *Gumataotao* case is highly selective, where it argues that the Opinion states that "It was Congress, not the Guam government, that imposed a tax on U.S. bonds." (Response at 5.) Once again, we point out how we have explained that *Gumataotao* stated at page 1078 that "**the government of Guam could indeed tax its residents** on interest earned from U.S. bonds." (Motion at 17; emphasis supplied.) We explained at great length that "Congress and Guam worked as a tag team to impose, assess and collect this tax." (*Id.*, at 9.) Defendant continues its course of selectively quoting limited parts of the record and briefs out of context, and ignoring rather than addressing those parts of the Bank's position that it cannot answer.
>
> Such misrepresentations by defendant are improper. It has been said of U.S. government prosecutors that "the prosecutor has a special duty not to mislead; the government should never make affirmative statements contrary to what it knows to be the truth."

> [citation omitted] The Court should expect the same standard of performance from the government when it is in a defensive rather than a prosecutorial position.

Pl. Recon. Repl. at 8; emphasis in the original).[2] The only misrepresentation we discern here is the Bank's representation that we have quoted from Gumataotao in a manner that is "highly selective" to "mislead" affirmatively "contrary to what [defendant] knows to be the truth." As this Court correctly observed, "[t]he Gumataotao decision is even more directly on point with, if not identical to, the issue presented by plaintiff's complaint." Bank of Guam, slip op. at 17. Further, as this Court also noted, notwithstanding the fact that Guam is authorized to collect the GTIT, the court of appeals in Gumataotao held that "it was Congress, not the Guam government, that imposed a tax on U.S. bonds" Id., slip op. at 19. What the Bank characterizes as a misrepresentation amounts to no more than its current disagreement with our views as to the meaning and import of the recitals in its USGOs upon which the Bank's complaint relies.

The Bank's complaint represents -- consistent with its pre-dispute conduct -- that its claim is founded upon a recital imprinted upon USGOs and the "same" status that was "continued" by Treasury regulations:

> [c]ommencing in or about 1978, the Bank purchased a number of USGOs that stated in boldface print that they were "exempt from all taxation now or hereafter imposed . . . by . . . any of the possessions of the United States." More recently, since about 1986, USGOs have not been issued in paper form . . . . but the United States continued to commit through the Code of Federal Regulations, whose provisions are incorporated in all USGO

[2] The Bank's statement that "*Gumataotao* stated at page 1078 that '**the government of Guam could indeed tax its residents** on interest earned from U.S. bonds.' (Motion at 17; emphasis supplied.)," Pl. Recon. Repl. at 8, should not be taken as a reference to an actual holding by the court of appeals in Gumataotao; rather, it is a part of a description of the proceedings below at the district court. Gumataotao, 236 F.3d at 1078.

> contracts, that the same tax-exempt status of USGOs continued. Thus, the USGO obligations issued after 1986 and purchased by the Bank continued to contain and still contain the United States government's covenant that the income from such USGOs is free of any Territorial taxation.

Compl. ¶ 7 (emphasis added). As we noted in our January 11, 2008 brief upon issue preclusion at 3, the Bank in its Federal district court complaint represented that the imposition of the GTIT upon the Bank's USGOs:

> is contrary to law and to the contractual terms relating to the purchase of such Treasury obligations.

Bank of Guam's "Verified Petition In Tax Case" at 3, ¶ 4 (a)(emphasis added) (filed as document number 17-2 on this Court's docket). Further, the district court noted, as it dismissed the Bank's count, that the Bank, although disagreeing with Gumataotao, had stated that:

> . . . [w]e acknowledge this Court is bound by the decision of the Ninth Circuit in Gumataotao v. Dir. Of Dep't of Revenue & Taxation, 236 F.3d 1077 (9th Cir. 2001) . . . .

Bank of Guam v. Director of Dept. of Rev. & Taxation, No. 01-00016, slip op. at 7, n.1; 2002 U.S. Dist. LEXIS 9662 (D. Guam 2002). In the present case, the Bank has offered to change its complaint. Pl. Recon. at 31-32. Just as the district court denied leave to amend, so to should this Court refuse any belated and in any event implausible effort to change the Bank's pleadings.

As a further illustration of the inappropriate and unhelpful nature of the Bank's reply, the Bank reacted to our having pointed out that its motion for reconsideration had not once addressed Bank of America, Def. Resp. at 12, by insinuating that we had concealed the fact that Bank of America involved another statute [12 U.S.C. § 548 ]; by asserting that Bank of America is not a precedent because it was not disputed that the GTIT was enacted by the Congress; by contending

that we wrongly claim the Bank of America case held "that the GTIT 'is not a tax imposed by Guam.' "where much of the decision states the opposite,"[3] Pl. Recon. Repl. at 9-11, and by claiming that we did not address its argument that although the Congress enacted the GTIT, that Guam also "imposed" the GTIT. Pl. Recon. Repl. at 4-5). The Bank's assertions are, at best, misleading.

We expressly noted, beginning with the first filing we made in this case, that the Bank of America court addressed whether the GTIT, if it was imposed by the possession of Guam, would violate a statute prohibiting the imposition of more than one possession tax, i.e. "12 U.S.C. § 548." Def. MTD at 6 & 13; Def. Repl. at 10-11, n.7. Further, in response to the Bank's reconsideration motion arguing that Guam also imposed the GTIT, we explained that:

> The court of appeals in Bank of America examined whether, **notwithstanding the GTIT's enactment by the United States Congress, the GTIT was an "imposition" by Guam** (in which case it would violate a statutory prohibition upon the imposition of more than one tax by a state or, as the court assumed, a possession such as Guam). Id. **Bank of America thus addressed directly whether the GTIT was, as the Bank claims, also "imposed" by Guam in administering and collecting the GTIT. Compare id. with Pl. Recon at 22-24.** The court of appeals in Bank of America concluded that the GTIT "is not a tax imposed by Guam." Id. at 1228.

Def. Resp. at 6 (emphasis added). Further, the Bank's reply nowhere explains, nor could it plausibly demonstrate, how the GTIT could be held in Bank of America to be "not a tax imposed

---

[3] The Bank's claim that "much" of the Bank of America decision states the "opposite" of its holding in discussing older cases like Sayre & Co. v. Ridell, 395 F.2d 407 (9th Cir. 1968) is illogical. The fact that Sayre and Laguana v. Ansell, 102 F. Supp. 919 (D. Guam 1952), aff'd 212 F.2d 207 (9th Cir. 1954) are discussed in Bank of America [and obviously predate the 2001 Gumataotao decision as well) reveals that they were not held by the court of appeals to be the "opposite" or contrary precedent.

by Guam," id. at 1228 (emphasis added), but -- in the Bank of Guam's case, the very same GTIT to the contrary must be held to be a tax that is imposed by Guam. At the very least, this appellate precedent, predating the Bank's first purchase of USGOs in 1978, precludes any plausible claim that the Bank could have had a reasonable contract expectation that USGOs containing a recital of exemption from taxation by states or possessions (and later Treasury regulations that "continued" to recite the "same" status) would extend to the GTIT imposed by the United States Congress. The absence of any actual such expectation is revealed by the Bank's pre-dispute conduct, in treating its USGOs as taxable from the outset of its purchases in 1978, and, as the Bank puts it, "other adjacent years," apparently meaning at least 1979 and 1980. Def. Repl at 13-14.

The Bank's remaining allegations in its reconsideration reply are similarly unhelpful.

2. The Bank's Reconsideration Reply And "Appendix" Are Either Reargument Of Its Previously Addressed Attempt To Rely Upon Communications Not Made To The Bank, Or New Material The Introduction Of Which Was Waived By The Bank's Untimely Assertion Of Such Material As A Reply In Support Of A Motion For Reconsideration

The Bank's reply contravenes this Court's standards regarding motions for reconsideration:

> A motion for reconsideration is addressed to the court's discretion. [citations omitted] "Motions for reconsideration must be supported 'by a showing of extraordinary circumstances which justify relief.'" [citations omitted] * * *
>
> "To sustain its burden, the movant must show: (1) that an intervening change in the controlling law has occurred; (2) that previously unavailable evidence is now available; or (3) that the motion is necessary to prevent manifest injustice. See id. [Bishop v. United States, 26 Cl.Ct. 281, 286 (1992)] at 286; see also Aerolease Long Beach v. United States, 31 Fed.Cl. 342, 376, aff'd, 39 F.3d 1198 (1994) (table) (quoting Bishop, 26 Cl.Ct. at 285-86).

> "[A]n argument made for the first time in a motion for reconsideration comes too late, and is ordinarily deemed waived and not preserved for appeal." Bluebonnet Sav. Bank, F.S.B. v. United States, 466 F.3d 1349, 1361 (Fed.Cir.2006); see Lamle v. Mattel, Inc., 394 F.3d 1355, 1359 n. 1 (Fed.Cir.2005).

Stockton East Water Dist., 76 Fed. Cl. at 499-500.

The Bank's reply consists of a 17-page brief; 12 pages of briefing styled as an "appendix;" 77 pages of documents, and an April 17, 2008 declaration of the Bank's counsel alleging that he acquired these documents in September 2002. The Bank's reply -- like its motion for reconsideration -- offers no intervening change in controlling law. Documents obtained by the Bank's counsel in 2002 obviously are not previously unavailable evidence that is only now available. Further, the Bank's argument that IRS correspondence that was addressed not to the Bank confirmed to the Guam Department of Revenue and Taxation that USGO income was not subject to the GTIT, has been briefed by the parties both before and after the Court's decision. E.g., Def. MTD 23-24; Pl. Opp. 27-28; Def. Repl. 15-20; Pl. Recon. at 19-21; Def. Resp. at 7-10. It follows that the Bank's submission of 119 pages of reply and "appendix" briefing and documents, tacitly admits that its reply filings, although largely redundant, also contain "argument made for the first time in a motion for reconsideration [that] comes too late" material that should be "deemed waived and not preserved for appeal." Stockton East Water Dist., 76 Fed. Cl. at 500.

In any event, as we have previously demonstrated, the Bank's attempt to create a contract of exemption or indemnification from the GTIT based upon IRS correspondence not even addressed to the Bank, would be unauthorized and contrary to law and to the Bank's own pre-dispute conduct. See Def. MTD at 23-24; Def. Repl. 15-20; Def. Resp. at 7-10. Appellate

precedent confirms that, even if it is assumed, for the sake of argument, that the IRS Commissioner and the Director of the Guam Director of Revenue & Taxation had opined that USGOs are exempt from the GTIT, such extrinsic "evidence" need not be considered. Gumataotao, 236 F.3d at 1082-83.

## CONCLUSION

For the reasons set forth in the Court's decision, this response, and in the parties' prior filings, we respectfully submit that the Court should deny the Bank's motion for reconsideration.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Assistant Attorney General

s/Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/Brian A. Mizoguchi
BRIAN A. MIZOGUCHI
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Attn.: Classification Unit 8th Flr.
1100 L Street, N.W.
Washington, D.C. 20530

Tel: 202.305.3319

OF COUNSEL:

THEODORE C. SIMMS II
Attorney-Advisor
Department of the Treasury
Bureau of the Public Debt
Washington, D.C.

CLEVE LISECKI
Attorney-Advisor
Internal Revenue Service
Office of the Associate Chief Counsel
(International)
1111 Constitution Ave, NW
Washington, DC 20224

Dated: May 6, 2008

Attorneys for Defendant