# In the United States Court of Federal Claims

No. 07-32C

(Filed May 9, 2008)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * | * Pleading and practice; motion for |
| | * reconsideration; breach of contract; |
| **BANK OF GUAM,** | * anticipatory repudiation; the Guam |
| | * Territorial income tax, 48 U.S.C. § 1421i |
| Plaintiff, | * (2000); RCFC 12(b)(1) motion to |
| | * dismiss; accrual of the statute of |
| v. | * limitations; John R. Sand & Gravel v. |
| | * United States, __ U.S. __, 128 S. Ct. 750 |
| **THE UNITED STATES,** | * (2008); declaratory relief; issue |
| | * preclusion; RCFC 12(b)(6) motion to |
| Defendant. | * dismiss; exemption from tax imposed by |
| | * a State or possession of the United States |
| * * * * * * * * * * * * * * * * * * * | * on United States Government |
| | Obligations, 31 U.S.C. § 3124 (2000); 31 |
| | C.F.R. §§ 309.4, 340.3, 345.5 (2007); |
| | whether the Guam Territorial income tax |
| | is a tax imposed by Congress. |

Kurt W. Melchior, San Francisco, CA, for plaintiff. Nossaman, Guthner, Knox & Elliott, LLP, of counsel.

Brian A. Mizoguchi, Washington, DC, with whom was Assistant Attorney General Jeffrey S. Bucholtz, for defendant. Theodore C. Simms, II, Department of the Treasury, Bureau of the Public Debt, and Cleve Lisecki, Internal Revenue Service, Office of the Associate Chief Counsel (International), of counsel.

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

**MILLER**, Judge.

On March 12, 2008, the court issued its memorandum opinion and order granting defendant's motion to dismiss plaintiff's complaint with respect to all tax years prior to 2001 for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) as barred by the statute of limitations, see Bank of Guam v. United States, 80 Fed. Cl. 739, 745-46 (2008) (citing John R. Sand & Gravel, __ U.S. __, 128 S. Ct. 750, 757 (2008) (reaffirming precedent under principles of *stare decisis* that Tucker Act's statute of limitations is "jurisdictional")); the fourth count of plaintiff's complaint for lack of subject matter jurisdiction pursuant to RCFC

12(b)(1), see id. at 746-47; and the first, second, and third counts of plaintiff's complaint for failure to state a claim pursuant to RCFC 12(b)(6). See id. at 751-53. On March 24, 2008, plaintiff filed its Motion for Reconsideration pursuant to RCFC 59. Defendant responded on April 10, 2008. Plaintiff moved for leave to reply on April 18, 2008, and on April 23, 2008, to amend its proffered reply brief. On April 30, 2008, the court granted plaintiff's motions for leave to reply and to amend, ordering that the reply brief was filed that date. Defendant moved on May 6, 2008, to file a surreply, which the court allowed to be filed on May 8, 2008.

## FACTS

A full explication of facts and background, set forth in the court's March 12, 2008 opinion, is unnecessary. See Bank of Guam, 80 Fed. Cl. at 741-44. Recitation of the facts germane to the parties' contentions is incorporated into the discussion.

## DISCUSSION

### 1. Standard of review on motion for reconsideration

RCFC 59(a)(1) provides that the court may grant "[a] new trial or rehearing or reconsideration . . . to all or any of the parties and on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States." When presented with an RCFC 59 motion, the court may open a judgment entered, take additional testimony, amend findings of fact and conclusions of law, and direct entry of a new judgment. Id.

Granting an RCFC 59 motion lies within the discretion of the court. Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990); Stockton E. Water Dist. v. United States, 76 Fed. Cl. 497, 499 (2007). "Motions for reconsideration must be supported 'by a showing of extraordinary circumstances which justify relief.'" Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999), aff'd, 250 F.3d 762 (Fed. Cir. 2000) (unpubl. table)). To show entitlement to relief a movant must establish a "manifest error of law, or mistake of fact," by showing "(1) that an intervening change in the controlling law has occurred; (2) that previously unavailable evidence is now available; or (3) that the motion is necessary to prevent manifest injustice." Stockton E. Water Dist., 76 Fed. Cl. at 499 (internal quotations omitted).

Reviving unsuccessful arguments and/or making new arguments not previously presented is impermissible in a motion for reconsideration, as such a motion "'is not intended to give an unhappy litigant an additional chance to sway the court.'" Stockton E. Water Dist.,

76 Fed. Cl. at 499-500 (quoting Bishop v. United States, 26 Cl. Ct. 281, 286 (1992)); see also White Mountain Apache Tribe v. United States, 9 Cl. Ct. 32, 35 (1985) ("'The reargument of cases cannot be permitted upon the sole ground that one side or the other is dissatisfied with the conclusions reached by the court.'" (quoting Roche v. Dist. of Columbia, 18 Ct. Cl. 289, 290 (1883))).

The court deflects the cache of documents in plaintiff's possession since 2002 that plaintiff submitted with its reply brief. To the extent that any of them may relate to a new argument or support one rejected previously, reliance on them has been waived. See Bluebonnet Sav. Bank, v. United States, 466 F.3d 1349, 1361 (Fed. Cir. 2006) ("[A]n argument made for the first time in a motion for reconsideration comes too late, and is ordinarily deemed waived and not preserved for appeal.").

2. Plaintiff's motion for reconsideration

1) Statute of limitations

In its complaint plaintiff alleged contracts with the United States, including a promise that the United States Government obligations ("USGOs") purchased by plaintiff would be "'exempt from all taxation now or hereafter imposed . . . by . . . any of the possessions of the United States.'" Bank of Guam, 80 Fed. Cl. at 741 (alterations in original) (quoting Compl. in Bank of Guam, No. 07-32C, ¶ 7 (Fed. Cl. Jan. 17, 2007)). The court granted defendant's motion to dismiss plaintiff's complaint, ruling that "filing of the Notice of Deficiency in January 2001 . . . constituted an actual breach" triggering the six-year statute of limitations. Bank of Guam, 80 Fed. Cl. at 746. Plaintiff contends that the court "erred when it ruled that Guam's Notice of Deficiency was the point of the alleged breach, rather than the date of the actual payment of the tax which occurred in 2003." Pl.'s Br. filed Mar. 24, 2008, at 1. Plaintiff marshals a number of citations to statutes and cases relating to tax refund suits in support of its contention that the United States breached contracts with plaintiff only upon plaintiff's payment of tax. See id. at 1-3.

Plaintiff cites 26 U.S.C. ("I.R.C.") § 6213 (2000), for the proposition that "after a Notice of Deficiency is mailed, the taxpayer has stated periods of time within which to file a petition for redetermination of the deficiency in the Tax Court." Pl.'s Br. filed Mar. 24, 2008, at 2. Arguing that "the filing of the Notice of Deficiency does not constitute a 'time fixed for performance' of the payment of the tax," plaintiff disqualifies this event as constituting a breach commencing the six-year statute of limitations. Id. Plaintiff suggests that, because "[y]ears of litigation may follow before any such tax is ultimately found to be owing and then paid[,]" and because "[t]he amount of tax paid may be redetermined . . . and may turn out to be quite different from that originally assessed[,]" the mere filing of the Notice of Deficiency

does not establish a time fixed for performance with sufficient particularity or definiteness to constitute breach. Id. Plaintiff also cites for support of this proposition I.R.C. § 6511; United States v. Brockamp, 519 U.S. 347 (1997); Johnson v. United States, 54 Fed. Cl. 187, 193 (2002); and Purk v. United States, 30 Fed. Cl. 565, 570 (1994). None of the authorities cited substantiates plaintiff's argument.

Plaintiff confuses an action for a refund of taxes with the breach of contract action that it is pursuing in this case. I.R.C. § 6213 concerns tax refund suits and petitions to the United States Tax Court. Plaintiff has taken pains to emphasize that its complaint alleges a contract between the United States and it. Plaintiff's complaint seeks damages for breach of this contract, not a refund for taxes that were unlawfully levied and paid, as in a tax refund action. Moreover, the United States Court of Federal Claims is not the United States Tax Court, nor does it share a common statutory jurisdictional grant. See Rocovich v. United States, 933 F.2d 991, 993-94 (Fed. Cir. 1991) (discussing jurisdictional requirements for tax refund suit in United States Court of Federal Claims); cf. 28 U.S.C. §§ 1346(a)(1), 1491 (2000).

Brockamp, according to plaintiff, suggests that "tax collecting requires very precise compliance with statutory rules." Pl.'s Br. filed Mar. 24, 2008, at 2. The proposition may not be arguable, but the holding of Brockamp – that the statutory limitations period on tax refund claims does not authorize equitable tolling, 519 U.S. at 354 – does not relate to plaintiff's argument, let alone support it. Indeed, in Brockamp the United States Supreme Court highlighted the differences between tax refund suits and private suits for restitution, prefacing its analysis by "assum[ing], favorably to the taxpayers but only for argument's sake, that a tax refund suit and a private suit for restitution are sufficiently similar to warrant asking . . . [i]s there good reason to believe that Congress did *not* want the equitable tolling doctrine to apply?" Id. at 350. A breach of contract claim against the United States prosecuted in the Court of Federal Claims is in the nature of a private suit for restitution. See AINS, Inc. v. United States, 365 F.3d 1333, 1344 ("'It is as much the duty of government to render prompt justice against itself, in favor of citizens, as it is to administer the same, between private individuals.'" (quoting AINS, Inc. v. United States, 56 Fed. Cl. 522, 544 (quoting 62 Cong. Globe, 37th Cong., 2d Sess., App. at 2 (1862) (President Lincoln's 1861 Annual Message to Congress)))).

Plaintiff's citations to I.R.C. § 6511, Johnson, and Purk also are inapposite. I.R.C. § 6511(a) requires taxpayers to file any tax refund suit "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later." The language in Johnson and Purk that plaintiff cites stands only for the proposition that this statute of limitations applies and is jurisdictional in nature. See Johnson, 54 Fed. Cl. at 193 (holding that three-year tax refund limitations period applies to plaintiff attempting to obtain refund by asserting putatively contract-based claim); Purk, 30 Fed. Cl.

at 570 (holding that filing tax-refund suit within limitations period is jurisdictional prerequisite).

Plaintiff's complaint alleged a contract whereby the United States promised to exempt USGOs from the imposition of tax by a possession. Plaintiff characterized the imposition of the Guam Territorial Income Tax as such a tax. The Notice of Deficiency served as the mechanism by which the disputed tax was imposed. This imposition constituted breach of the contract that plaintiff alleges and began running the six-year statute of limitations applicable to contract claims. See Bank of Guam, 80 Fed. Cl. at 746.

Both plaintiff and defendant have expressed some confusion over the ordering language in the first paragraph of the court's opinion, whereby the court granted "[d]efendant's motion to dismiss pursuant to RCFC 12(b)(1) . . . with respect to all tax years prior to 2001." Id. at 753. In the interest of clarity, the court restates its holding with respect to the statute of limitations: The six-year statute of limitations on plaintiff's breach claims began running at the latest on January 24, 2001, with the filing of the Notice of Deficiency. Because plaintiff's complaint was filed on January 17, 2007, the court lacks subject matter jurisdiction over any tax years prior to 2001; defendant's 12(b)(1) motion with respect to all tax years prior to 2001 was granted on this predicate holding.

The foregoing discussion explains why plaintiff's contention that the breach occurred only in 2003, upon payment of the tax, is incorrect. In the course of its motion to dismiss and again in its response to plaintiff's motion for reconsideration, defendant has suggested that the statute of limitations commenced upon passage of the Organic Act of Guam in 1950 that authorized the imposition of the Guam Territorial income tax, because that was the only action that the United States undertook that might have constituted the breach that plaintiff alleges. See Def.'s Br. filed Apr. 10, 2008, at 17 n.17; Def.'s Br. filed Apr. 18, 2007, at 12-14. Defendant's argument postulates a breach antecedent to a contract. Plaintiff did not purchase any USGOs and therefore did not enter into any alleged contract with the United States until 1978; a breach cannot occur before the formation of a contract.

Given that the six-year statute of limitations began running, at the latest on January 24, 2001, the court lacks subject matter jurisdiction over plaintiff's claims for tax years prior to 2001.

2) Claim preclusion

The court's discussion concerning claim preclusion or *res judicata* for the tax years 1992, 1993, and 1994, was erroneous. The parties to the previous suit were not identical, *i.e.,* the Director of the Guam Department of Revenue and Taxation cannot be treated as the

United States, even if acting under authorization of U.S. statute. Therefore, the court reissues its opinion *nunc pro tunc* to March 12, 2008, deleting the discussion on slip. op. pages 12 and 15-16, which had no bearing on the grant of defendant's motion. See Bank of Guam, 80 Fed. Cl. at 748, 750.

3) The remainder of plaintiff's arguments

The remainder of plaintiff's motion is a digest of the arguments that it has made, defendant has met, and the court has not accepted. Plaintiff has not identified any intervening change in the controlling law, any previously unavailable evidence that is now available, or any ground that would counsel grant of its motion for reconsideration to prevent manifest injustice. Instead, plaintiff has used the motion for reconsideration as another opportunity to rehash its arguments at length. Plaintiff's arguments were not availing in response to defendant's motion to dismiss, and motions for reconsideration are "'not intended to give an unhappy litigant an additional chance to sway the court.'" Stockton E. Water Dist., 76 Fed. Cl. at 499 (quoting Bishop, 26 Cl. Ct. at 286).

Finally, based on plaintiff's record on reconsideration and the record before the court when defendant's dispositive motion was pending, defendant is correct that allowing plaintiff to amend the complaint would be futile. See Mitsui Foods, Inc. v. United States, 867 F.2d 1401, 1403-04 (Fed. Cir. 1989). Plaintiff's pastiche of rejected arguments and groundless accusations of foul briefing tactics levied at defendant militate against any further indulgence to plaintiff.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED,** as follows:

1. Plaintiff's motion for reconsideration is denied, except insofar as the court deletes all references to claim preclusion from the opinion issued March 12, 2008.

2. The court reissues its March 12, 2008, opinion this date, *nunc pro tunc*, deleting all references to claim preclusion.

**IT IS SO ORDERED.**

s/ Christine O.C. Miller

________________________________

**Christine Odell Cook Miller**
Judge